**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JARED D. MILLER, | DOCKET NUMBER |
|       Appellant, | CH-315H-19-0524-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: June 27, 2024 |
|       Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jared D. Miller</u>, New London, Wisconsin, pro se.

<u>John Jakubiak</u>, Esquire, Milwaukee, Wisconsin, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant has not made a nonfrivolous allegation of Board jurisdiction under 5 U.S.C. § 7511(a)(1)(B), we AFFIRM the initial decision.

## BACKGROUND

On October 2, 2016, the appellant, a preference eligible, was appointed pursuant to a Veterans' Recruitment Appointment (VRA) to the excepted-service position of Police Officer. Initial Appeal File (IAF), Tab 12 at 60. He resigned from that position, effective September 15, 2018. *Id.* at 53. Effective January 6, 2019, the agency appointed the appellant pursuant to a VRA to an excepted-service position of Police Officer, subject to the completion of a 2-year trial period. *Id.* at 52. On July 15, 2019, the agency terminated him for "failure to qualify during [his] trial period" and "off duty misconduct."[2] *Id.* at 15, 18.

The appellant appealed his probationary termination to the Board. IAF, Tab 1. In a jurisdictional order, the administrative judge set forth the jurisdictional burdens over a probationary termination appeal for an employee in

---

[2] The agency did not specify what it considered to be "off-duty misconduct" in the notice of termination; however, the record reflects that the appellant was arrested while on duty for alleged domestic-related battery during his trial period. IAF, Tab 12 at 21, 24-27, 34-38.

the excepted service under 5 U.S.C. § 7511(a)(1)(B)-(C) and informed the appellant of the limited appeal rights available to an employee in the competitive service under 5 C.F.R. §§ 315.805-.806. IAF, Tab 9. Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 13, Initial Decision (ID) at 4. The administrative judge found that the appellant had no statutory right of appeal because he did not serve 2 consecutive years in an other than temporary position limited to 2 years or less. ID at 3. Because the appellant was appointed under the VRA, the administrative judge considered the appellant's contention that the agency violated 5 C.F.R. §§ 315.805-.806. ID at 3-4. The administrative judge found that the appellant had no regulatory right of appeal because he did not nonfrivolously allege that he was terminated for preappointment reasons or that the agency engaged in marital status discrimination. ID at 4-5.

The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1.[3] The agency has not responded.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant has not made a nonfrivolous allegation of Board jurisdiction under 5 U.S.C. § 7511(a)(1)(B).

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *LeMaster v. Department of Veterans Affairs*, 123 M.S.P.R. 453, ¶ 7 (2016). An appellant has the burden of establishing jurisdiction over his appeal. 5 C.F.R. § 1201.56(b)(2)(i)(A). An appellant is entitled to a jurisdictional hearing if he raises a nonfrivolous allegation of Board jurisdiction. *Liu v. Department of Agriculture*, 106 M.S.P.R. 178, ¶ 8 (2007).

---

[3] With his petition for review, the appellant has provided emails he sent and received from the office of Senator Ron Johnson regarding his probationary termination. PFR File, Tab 1 at 6-8. We have not considered this evidence because it is not new. IAF, Tab 4 at 5-6; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (stating that evidence that is already a part of the record is not new).

Under 5 U.S.C. chapter 75, subchapter II, an individual who meets the definition of "employee" at 5 U.S.C. § 7511(a)(1) generally has the right to challenge his removal from Federal service by filing an appeal with the Board. *See* 5 U.S.C. §§ 7512(1), 7513(d). The definition of an "employee" includes a preference eligible in the excepted service who has completed 1 year of current continuous service in the same or similar positions. 5 U.S.C. § 7511(a)(1)(B); *Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 14 (2011). The term "current continuous service" means a period of employment, either in the competitive or excepted service, that immediately precedes an adverse action without a break in Federal civilian employment of a workday. *Maibaum*, 116 M.S.P.R. 234, ¶ 14; 5 C.F.R. § 752.402(b).

In the initial decision, the administrative judge acknowledged that the appellant was a preference eligible. ID at 3. However, she applied the standard set forth in 5 U.S.C. § 7511(a)(1)(C) for a nonpreference eligible. ID at 3. We may rule on this jurisdictional issue because the appellant received explicit jurisdictional notice regarding a preference eligible in the excepted service and the record on the dispositive facts is fully developed. *See Ramirez-Evans v. Department of Veterans Affairs*, 113 M.S.P.R. 297, ¶ 9 (2010). As explained below, the record reflects that the appellant failed to raise a nonfrivolous allegation of Board jurisdiction under 5 U.S.C. § 7511(a)(1)(B). We modify the initial decision accordingly.[4]

Notably for a preference eligible in the excepted service, the absence or completion of a probationary or trial period is not determinative of "employee" status. *Maibaum*, 116 M.S.P.R. 234, ¶ 9. Rather, the dispositive issue is whether

---

[4] Because of our finding that the appellant failed to nonfrivolously allege that he met the 1 year of current continuous service requirement, as set forth below, the appellant's preference eligibility status does not affect the outcome of this appeal. Thus, the administrative judge's failure to apply section 7511(a)(1)(B) to this appeal did not prejudice the appellant's substantive rights, and thus does not provide a basis for reversing the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

the appellant satisfied the 1-year current continuous service requirement at the time of his separation. Because the appellant was terminated during his first year of service, we must determine whether the appellant's prior service may be tacked onto the service at issue.

The appellant's prior employment as a Police Officer cannot be tacked onto his civilian service to satisfy the 1-year current continuous service requirement because it was preceded by a break in service of more than a workday. *Maibaum*, 116 M.S.P.R. 234, ¶ 14. Moreover, while the appellant had prior military service, IAF, Tab 1 at 5, Tab 4 at 3, Tab 12 at 52, military service cannot be tacked onto civilian service to satisfy the 1-year current continuous service requirement, *Bell v. Department of Homeland Security*, 95 M.S.P.R. 580, ¶¶ 15-18 (2004). The appellant has therefore failed to nonfrivolously allege that he completed 1 year of current continuous service in the same or similar positions under 5 U.S.C. § 7511(a)(1)(B). Thus, we agree with the administrative judge that the appellant has failed to nonfrivolously allege that he is an "employee" who may appeal to the Board under 5 U.S.C. chapter 75. ID at 3.

<u>The appellant has not made a nonfrivolous allegation of Board jurisdiction under 5 C.F.R. § 315.806.</u>

Individuals in VRA appointments have been granted the same appeal rights during the first year of their trial periods as competitive service employees. *Maibaum*, 116 M.S.P.R. 234, ¶ 18; 5 C.F.R. § 307.105. Under 5 C.F.R. § 315.806(b), a probationary employee may appeal a termination taken for reasons arising after his appointment if he alleges that the termination was based on partisan political reasons or marital status.[5] *Maibaum*, 116 M.S.P.R. 234,

---

[5] The appellant does not appear to allege that his termination was based on partisan political reasons. Moreover, the appellant does not challenge on review the administrative judge's finding that his allegations, taken as true, do not show that he was treated differently because of his marital status or constitute facts that go to the essence of his marital status. ID at 4-5; *see Marynowski v. Department of the Navy*, 118 M.S.P.R. 321, ¶ 9 (2012) (stating that, to make a nonfrivolous allegation of marital status discrimination, an appellant must allege facts which, taken as true, would show that she was treated differently because of her marital status or facts that go to the

¶ 18.  Under 5 C.F.R. § 315.806(c), a probationer whose termination was based on preappointment reasons may appeal on the ground that his termination was not effected in accordance with the procedural requirements of 5 C.F.R. § 315.805. *West v. Department of Health and Human Services*, 122 M.S.P.R. 434, ¶ 7 (2015). We agree with the administrative judge that the appellant did not make a nonfrivolous allegation in this regard.

On review, the appellant reiterates his contention that the agency's investigation of his extramarital affair with an agency employee, which occurred during his first appointment, constitutes a preappointment reason for his termination.  PFR File, Tab 1 at 4-5.  As to this argument, he expresses his belief that he was denied an opportunity to respond to the charges against him as required by regulation.  *Id.* at 5.  The administrative judge considered this argument below and determined that the agency terminated the appellant for postappointment reasons—specifically, for his arrest for alleged domestic-related battery and based on a subsequent investigation into his misconduct during his trial period.  ID at 4; IAF, Tab 12.  The administrative judge concluded therefore that the appellant was not entitled to the procedural protections of 5 C.F.R. § 315.805.  ID at 4.  We discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

Because the appellant has failed to make a nonfrivolous allegation of Board jurisdiction under either chapter 75 or 5 C.F.R. part 315, the administrative judge

_____

essence of her status as married, single, or divorced).  We agree with the administrative judge that the appellant did not raise a nonfrivolous allegation of marital status discrimination.  ID at 4-5.

correctly found that he was not entitled to a jurisdictional hearing.[6] *Liu*, 106 M.S.P.R. 178, ¶ 8. Accordingly, we affirm the initial decision as modified herein.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[6] On review, the appellant also appears to challenge the merits of the agency's termination decision. PFR File, Tab 1 at 4. These arguments do not provide a basis for disturbing the initial decision. *See Yakupzack v. Department of Agriculture*, 10 M.S.P.R. 180, 182 (1982) (stating that the Board's review of probationary terminations does not include a review of the merits of the termination action); *Kellum v. Veterans Administration*, 2 M.S.P.R. 65, 67 (1980) (finding that, absent Board jurisdiction over a probationary termination, issues concerning the sufficiency and propriety of the agency's misconduct allegations concern are immaterial to an appeal).

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.